IN THE
UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND
(Northern District)

| | |
|---|---|
| THE STANDARD FIRE INSURANCE COMPANY aso M. Joann Bice One Tower Square Hartford, Connecticut 06183<br><br>Plaintiff<br><br>vs.<br><br>CARLOS HEATING, REFRIGERATION & A/C, INC. 6006 Emack Ave. Lanham, MD 20706<br><br>SERVE: Carlos Reid 6006 Emack Ave. Lanham, MD 20706<br><br>Defendant | Civil Case No.: _____ |

FILED ____ ENTERED
____ LODGED ____ RECEIVED

SEP 25 2020

CLERK U.S. DISTRICT COURT
DISTRICT OF MARYLAND
NIGHT DROP BOX

## COMPLAINT AND JURY DEMAND

NOW COMES the Plaintiff, The Standard Fire Insurance Company, through its attorneys, Jennifer L. Matzye and the Law Offices of Joseph M. Jagielski, and hereby files this lawsuit against Defendant Carlos Heating, Refrigeration, & A/C, Inc., stating in support as follows:

### JURISDICTION AND VENUE

1. Defendant is a corporation organized under the laws of the State of Maryland, with its principal place of business in Lanham, Maryland. At all times relevant hereto, the Defendant did business in the State of Maryland and its conduct within the State of Maryland gives rise to this lawsuit.

2. Plaintiff, The Standard Fire Insurance Company ("Standard Fire"), is and was a corporation organized and existing under the laws of the State of Connecticut, having a principal place of business located at One Tower Square, Hartford, Connecticut 06183.

3. The amount in controversy exceeds Seventy-Five Thousand Dollars ($75,000.00), exclusive of interest and costs.

4. This Court has diversity jurisdiction over Plaintiff's claim pursuant to 28 U.S.C. §1332.

5. Venue is proper in this district pursuant to 28 U.S.C. §1391(b)(2) in that the events giving rise to the claims set forth herein occurred in this district and the property that is the subject of this action is situated in this district.

## FACTS COMMON TO ALL COUNTS

6. On or about January 1, 2018, there was a residential fire at the premises owned by M. Joann Bice, known as 6615 Lacona Street, District Heights, Maryland 20747 ("the Premises").

7. Plaintiff issued a policy of insurance to M. Joann Bice ("policyholder") that was in full force and effect at all times herein relevant and on January 1, 2018.

8. Defendant installed and performed all known maintenance on the furnace on the Premises.

9. The fire of January 1, 2018 was caused by the negligence of the Defendant and, specifically, by Defendant's conduct in causing various hazards and by Defendant's failure to notice, remedy, or warn the policyholder about substantial defects and hazards in the furnace.

10. The fire at the Premises resulted from a malfunctioning capacitor and the absence of wiring necessary to the thermal limit switch.

11. The conditions that caused this fire were caused by the Defendant, in that Defendant negligently and/or intentionally bypassed the limit switch.

12. The conditions that caused this fire were caused by Defendant, in that Defendant failed to notice or remedy the conditions and failed to warn the policyholder of the same.

13. Plaintiff had in effect a policy of insurance with its policyholder, requiring that Plaintiff reimburse its policyholder for certain property damage, and granting Plaintiff a subrogated interest in any claim accruing therefrom.

14. Under this policy of insurance, and as a result of Defendant's conduct, Plaintiff paid to its policyholder, or on behalf of its policyholder, the amount of Four Hundred Sixty-One Thousand Seven Hundred Thirty-Six and 45/100th Dollars ($461,736.45) for the property damage caused by Defendant.

## **COUNT I**

## **NEGLIGENCE**

15. All of the foregoing allegations are re-alleged and incorporated as if fully restated herein.

16. The Defendant owed a duty to install, inspect, repair, service, and/or maintain the furnace in a reasonable and safe manner, and to protect the property from harm and damage.

17. The Defendant further owed a duty to remedy and/or warn the policyholder of any hazards, defects, and/or issues with the furnace.

18. The Defendant was negligent and breached various duties owed to the policyholder by, in and among other things, failing to properly inspect and service the furnace, failing to leave the property in an appropriate and safe condition fit for use, failing to protect the property, improperly bypassing safety mechanisms and measures, failing to warn the policyholders of the unsafe condition, failing to make appropriate and necessary repair recommendations, and the Defendant was in other ways careless, reckless, and negligent.

19. The Defendant's negligence proximately caused significant and substantial damage to the property belonging to the policyholder, and Plaintiff asserts that all of this loss and

3

damage was the direct result of the negligence of the Defendant, without any contributory negligence by the policyholder.

WHEREFORE, Plaintiff, The Standard Fire Insurance Company, demands judgment against the Defendant in an amount in excess of Seventy-Five Thousand Dollars ($75,000), as well as applicable interest, fees, and costs.

## COUNT II

## BREACH OF CONTRACT

20. All of the foregoing allegations are re-alleged and incorporated as if fully restated herein.

21. Defendant voluntarily entered into a valid contract with the policyholder for the installation, inspection, service, and/or maintenance of the furnace at the Premises.

22. The contract, by way of a service agreement, is a legally binding agreement that the parties entered into with full knowledge and understanding of its terms, and with due consideration paid.

23. Defendant breached the contract by, in and among other things, failing to properly inspect and service the furnace, failing to leave the property in an appropriate and safe condition fit for use, failing to protect the property, improperly bypassing safety mechanisms and measures, failing to warn the policyholders of the unsafe condition, failing to make appropriate and necessary repair recommendations, and the Defendant in other ways breached the contract.

24. The Defendant's breach proximately caused significant and substantial damage to the property belonging to the policyholder, and Plaintiff asserts that all of this loss and damage was the direct result of the acts and omissions of the Defendant, without any contributory negligence by Plaintiff or its policyholder.

WHEREFORE, Plaintiff, The Standard Fire Insurance Company, demands judgment against the Defendant in an amount in excess of Seventy-Five Thousand Dollars ($75,000), as well as applicable interest, fees, and costs.

## COUNT III

## BREACH OF WARRANTY (EXPRESS AND IMPLIED)

25. All of the foregoing allegations are re-alleged and incorporated as if fully restated herein.

26. In contracting with the policyholder, and in installing, inspecting, servicing and/or maintaining the furnace, Defendant made various warranties, both expressly and impliedly, to the policyholder, regarding the condition and safety of the system and property, and also made certain warranties, both expressly and impliedly, as to the quality of the work performed.

27. Defendant expressly warranted that the furnace was free from defect, malfunction, or dangerous condition, and further warranted that the same was fit for its intended use and any foreseeable use by the policyholder.

28. The Defendant impliedly warranted that the furnace was free from defect, malfunction, or dangerous condition, and further warranted that the same was fit for its intended use and any foreseeable use by the policyholder.

29. Defendant expressly and impliedly warranted that Defendant could and would inspect, and repair and/or service the furnace in a workmanlike manner and as intended, and that the same would result in the furnace being ready for safe operation.

30. The policyholder rightfully relied on the skill and judgment of Defendant in performing its contracted work, and rightfully relied on representations that the property was safe for use.

31. The Defendant breached its express and implied warranties by failing to properly inspect and service the furnace, failing to leave the property in an appropriate and safe condition

fit for use, failing to protect the property, improperly bypassing safety mechanisms and measures, failing to warn the policyholders of the unsafe condition, failing to make appropriate and necessary repair recommendations, and by failing to leave the system so that it could perform its intended and expected purpose free from hazard or defect.

32. The Defendant's breach of these various warranties proximately caused significant and substantial damage to the property belonging to the policyholder, and Plaintiff asserts that all of this loss and damage was the direct result of the acts and omissions of the Defendant, without any contributory negligence by the policyholder.

WHEREFORE, Plaintiff, The Standard Fire Insurance Company, demands judgment against the Defendant in an amount in excess of Seventy-Five Thousand Dollars ($75,000), as well as applicable interest, fees, and costs.

## JURY DEMAND

Pursuant to Federal Rule of Civil Procedure 38, Plaintiff hereby demands a Trial by jury as to all issues raised herein.

Respectfully submitted,

/s/ Jennifer L. Matzye
Jennifer M. Matzye, Esq.
Federal Bar No.: 19351
THE LAW OFFICES OF JOSEPH M. JAGIELSKI
**Mailing Address: P.O. Box 2903**
**Hartford, CT 06104-2903**
111 Schilling Rd, Suite 8
Hunt Valley, MD 21031
443-353-2315 Phone
855-640-5807 Fax
jmatzye@travelers.com
*Counsel for Plaintiff*